IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



SANDRA WALTER, AS NEXT FRIEND §
OF JANE DOE, A MINOR, §
 §
 Plaintiff, §
 §
VS. § NO. 4:18-CV-301-A
 §
BIRDVILLE INDEPENDENT SCHOOL §
DISTRICT, §
 §
 Defendant. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Birdville Independent School District, for partial dismissal of plaintiff's second amended complaint. The court, having considered the motion, the response of plaintiff, Jane Doe, a minor, through Sandra Walter as next friend, the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Claims

The operative pleading is plaintiff's second amended complaint filed July 13, 2018. Doc.[1] 19. In it plaintiff alleges:

Plaintiff was a junior at Birdville High School during the 2017-18 school year. Plaintiff was a straight A student with a 4.0 GPA, who participated in various school activities and played on the girls' basketball team, receiving a number of honors. Doc.

---

[1] The "Doc.___" reference is to the number of the item on the docket in this action.

19 ¶ 8. Plaintiff tore her ACL during practice. Prior to that time, plaintiff and her coach, Amy Ingram ("Ingram"), had a good relationship. After the injury, Ingram treated plaintiff poorly, making her feel like nothing but a useless kid. Id. ¶¶ 9-10. Plaintiff had reconstruction surgery on her ACL on November 1, 2017. Id. ¶ 10. Thereafter, Ingram harassed her "about her injury" on numerous occasions. Id. ¶ 13 et seq. Plaintiff was removed from athletics and told that the trainers could no longer help with her rehabilitation. Id. ¶¶ 22-23. Due to her injury, plaintiff was unable to climb the stairs to the floor where five of her six classes were located. Because the elevator was broken, plaintiff was unable to attend classes and was told to sit in the library. Many of her teachers forgot to give her work or thought she was absent. She was unable to receive help from most of her teachers. Id. ¶¶ 27-28.

Plaintiff asserts claims for violation of Title IX, 20 U.S.C. § 1681(a), violation of the Rehabilitation Act, 29 U.S.C. § 794, violation of the Americans With Disabilities Act, 42 U.S.C. § 12131 ("ADA"), and for retaliation under the ADA and Rehabilitation Act.

II.

## Grounds of the Motion

Defendant urges four grounds in support of its motion. First, plaintiff cannot maintain a Title IX claim. Second, plaintiff cannot maintain a retaliation claim under Title IX. Third, plaintiff cannot maintain a hostile educational environment claim under the Rehabilitation Act. And, fourth, plaintiff cannot maintain a failure to accommodate claim under the ADA.

III.

## Applicable Legal Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court

3

must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of

Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29. Further, the complaint must specify the acts of the defendants individually, not collectively, to meet the pleading standards of Rule 8(a). See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999); see also Searcy v. Knight (In re Am. Int'l Refinery), 402 B.R. 728, 738 (Bankr. W.D. La. 2008).

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

IV.

Analysis

A.   Violation of Title IX

Title IX provides no person shall, on the basis of sex, be excluded from or denied the benefits of any education program receiving federal financial assistance. The Supreme Court has recognized an implied private right of action for violation of Title IX. Cannon v. Univ. of Chicago, 441 U.S. 677 (1979). To establish a claim under Title IX, a plaintiff must establish that an educational institution receiving federal assistance intentionally discriminated on the basis of the plaintiff's sex. Fort v. Dallas Indep. Sch. Dist., 82 F.3d 414, 1996 WL 167072, at *3 (5th Cir. 1996). Harassment on the basis of sex is the sine qua non of a Title IX claim and failure to plead that element is fatal. Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist., 647 F.3d 156, 166 (5th Cir. 2011). That is, the offensive behavior must be based on sex and not merely tinged with offensive sexual connotations. Id. at 165.

In this case, plaintiff has not pleaded any facts in her extremely detailed complaint[2] to support any contention of discrimination based on sex. Rather, the only reasonable conclusion to be drawn is that Ingram bullied and belittled

---

[2]The factual allegations take up nine pages of the second amended complaint. Doc. 19 at 4-12.

plaintiff based on her injury. See, e.g., Doc. 19, ¶ 10 (Ingram needed all uniforms for those who could contribute to the team); ¶ 14 (Ingram took away plaintiff's crutches and wanted her to cover her brace in the team photo; Ingram again said she needed uniforms for people who could actually play); ¶ 15 (Ingram told plaintiff she would never be the same player again, she would be slower and weaker); ¶ 16 (plaintiff felt singled out and useless from Ingram's "constant belittling all caused by her injury").

The Supreme Court has recognized that retaliation against a person because that person has complained of sex discrimination is another form of intentional sex discrimination encompassed by Title IX's private cause of action. Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 173 (2005). "[W]hen a funding recipient retaliates against a person *because* he complains of sex discrimination, this constitutes intentional 'discrimination' 'on the basis of sex,' in violation of Title IX." Id. at 174. Here, the facts alleged do not fit the cause of action, assuming plaintiff intended to assert one.[3]

B.  Discrimination Under Rehabilitation Act and ADA

The Rehabilitation Act provides: "No otherwise qualified individual with a disability . . . shall, solely by reason of her

---

[3] As defendant notes, plaintiff does not assert a cause of action for retaliation under Title IX in the section of her complaint devoted to retaliation, Doc. 19 at 15, but does refer to retaliation under Title IX in the factual allegations section, id. ¶ 30.

or his disability, be . . . subjected to discrimination . . . ." 29 U.S.C. §794(a). To assert a claim under the Rehabilitation Act, a plaintiff must establish that she has a disability, that she was otherwise qualified for services, and that she was denied services solely by reason of her disability. <u>Hileman v. City of Dallas</u>, 115 F.3d 352, 353 (5th Cir. 1997); <u>Brown v. Wilson</u>, No. 5:10-CV-181-C, 2012 WL 6719464, at *3 (N.D. Tex. Dec. 27, 2017). The same test applies under the ADA.[4] <u>Frame v. City of Arlington</u>, 657 F.3d 215, 223-24 (5th Cir. 2011); <u>Hainze v. Richards</u>, 207 F.3d 795, 799 (5th Cir. 2000).

To establish a qualifying disability, plaintiff must allege facts tending to show that she had a mental or physical disability that substantially limited a major life activity. <u>Hale v. King</u>, 642 F.3d 492, 500 (5th Cir. 2011). Major life activities include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." <u>Mann v. Louisana High Sch. Athletic Ass'n</u>, 535 F. App'x 405, 410 (5th Cir. 2013). An impairment qualifies as a disability only if it substantially limits a person's ability to perform a major life activity as compared to most people in the general population. <u>Cannon v. Jacobs Field</u>

---

[4] Thus, there will not be a separate discussion of these claims.

Servs. N. Am., Inc., 813 F.3d 586, 591 (5th Cir. 2016). Participating in sports is not a major life activity. Weber v. Strippit, Inc., 186 F.3d 907, 914 (8th Cir. 1999); Knapp v. Northwestern Univ., 101 F.3d 473, 480 (7th Cir. 1996); Marsh v. Terra Int'l (Oklahoma) Inc., 122 F. Supp. 3d 1267, 1279-80 (N.D. Okla. 2015); Pedroza v. Autozone, Inc., 536 F. Supp. 2d 679, 697 (W.D. Tex. 2008).

In determining whether an impairment substantially affects a major life activity, the court considers the nature and severity of the impairment, its duration or expected duration, and its permanent or long term impact or expected impact. Hale, 642 F.3d at 500. Merely having an impairment does not make one disabled. Id. at 501. For example, being able to come to work would tend to negate the contention that an impairment substantially affected a major life activity. Koller v. Riley Riper Hollin & Colagreco, 850 F. Supp. 2d 502, 513-15 (E.D. Pa. 2012).

A person whose impairment does not substantially limit any major life activity may bring an action if he or she is regarded as having such an impairment. Pinckney v. Fed. Reserve Bank of Dallas, No. SA-12-CV-00324-DAE, 2013 WL 5461873, at *9 (W.D. Tex. Sept. 30, 2013). But, a person is not regarded as disabled if the impairment is transitory and minor, that is, having an actual or

expected duration of six months or less. Weems v. Dallas Indep. Sch. Dist., 260 F. Supp. 3d 719, 730 (N.D. Tex. 2017).

In this case, although plaintiff has pleaded facts to show that she had an impairment, she has not pleaded sufficient facts to show that the impairment substantially affected a major life activity.[5] She argues that basketball was her life, but participating in sports (even though it has the potential to lead to a lucrative career) is not a major life activity. That plaintiff was able to attend school negates a plausible conclusion in this case that her impairment limited major life activities. Further, the facts pleaded show that the duration of any limitation was six months or less. See Doc. 19 ¶ 13 (three days after surgery plaintiff was able to stand without crutches for the team photo); ¶ 16 (one month after surgery, plaintiff was able to carry a laundry bag up the stairs of a gym); ¶¶ 17-18 (two months after surgery, plaintiff was on the basketball court at practice and had been released by her doctor to shoot free throws; at that time, she could walk); ¶ 24 (about five months after surgery, plaintiff requested to be put in athletics the

---

[5]In fact, plaintiff admits that her claim is that "her disability affected her major life activities as a basketball player." Doc. 22 ¶ 4. Further, "attending school and playing basketball are her major life activities." Id. ¶ 21. In addition, although admitting that ability to perform a major life activity is based on a comparison to most people in the general population, id. ¶ 20, plaintiff says that she "is not an average student-athlete [but] a highly skilled athlete . . . not able to perform her everyday activities." Id. ¶ 21.

10

next school year). As for being perceived as having an impairment, at most one could surmise that Ingram thought plaintiff would never again play basketball at the same level. But, playing basketball is not a major life activity, no matter what Ingram's perception might have been.

Plaintiff herself says that countless student-athletes have complained about the way Ingram treats her players. Doc. 19 ¶ 22. But whether Ingram's conduct was intended to motivate or was simply spiteful and mean, plaintiff has not alleged facts to plausibly support claims for intentional discrimination based on sex or qualified disability. That plaintiff was injured does not mean that she was a qualified individual with a disability. The terms are not synonymous.

V.

Order

The court ORDERS that defendant's motion for partial dismissal be, and is hereby, granted, and plaintiff's claims except for retaliation under the ADA and Rehabilitation Act be, and are hereby, dismissed.

SIGNED August 20, 2018.

_____
JOHN McBRYDE
United States District Judge

11